IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In Re:<br><br>**DANIEL YAKOV SASLOW,**<br><br>Debtor. | Case No.: 26-10270-MMH<br><br>Chapter 7 |
| **MATTHEW W. CHENEY, Acting United States Trustee for Region Four,**<br><br>Plaintiff,<br><br>v.<br><br>**DANIEL YAKOV SASLOW,**<br><br>Defendant. | Adv. Pro.: 26-______________ |

## COMPLAINT TO DENY DISCHARGE

Matthew W. Cheney, Acting United States Trustee for Region Four (the "United States Trustee"), pursuant to Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure, and § 727 of the United States Bankruptcy Code, files this Complaint to Deny the Discharge of Debtor, Daniel Yakov Saslo:

## JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and Rule 402 of the Local Rules for the United States District Court

for the District of Maryland.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J). The United States Trustee consents to entry of a final order or judgment by the Bankruptcy Judge.

4. The United States Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

**FACTS COMMON TO ALL COUNTS**

5. Daniel Yakov Saslow commenced this case by filing a voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 9, 2026 (the "Petition Date"). (*See* Doc. 1.)

6. The deadline to object to Mr. Saslow's discharge is August 23, 2026. (*See* Doc. 18.)

7. Along with his Petition, Mr. Saslow filed bankruptcy Schedules. (*See* Doc. 1.)

8. The Schedules contain a "Declaration Under Penalty of Perjury by Individual Debtor" which Mr. Saslow signed beneath the statement: "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." (*See* Doc. 1 at 46.)

9. Along with his Petition, Mr. Saslow also filed a Statement of Financial Affairs. (*See* Doc. 1 at 47.)

10. Mr. Saslow signed the Statement of Financial Affairs beneath the statement, "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct." (*See* Doc. 1 at 53.)

11. On February 12, 2026, and March 18, 2026, Mr. Saslow testified at a meeting of creditors, under oath and subject to the penalties of perjury.

12. According to his Schedules, Mr. Saslow has $7,084,581 of general unsecured debt. (*See* Doc. 1 at 39.) At least $5,499,105 of this is comprised of loans from individuals, as follows:

| **Lender** | **Amount** |
|---|---|
| Abu David | $130,000 |
| Andina Schaprio | $15,341 |
| Avraham Saslow | $372,000 |
| Chagai Bader | Unknown |
| David Elf | $130,000 |
| Elazar Saslo | $35,300 |
| Jeff Cohen | Unknown |
| Levona Landau | $35,123 |
| Marc Ward | $1,036,000 |
| Margaret Wilson | Unknown |
| Nati Stein | $350,000 |
| Ora Meidan | $23,395 |
| Rachel Schapiro | $8,946 |
| Ruth Cedeno | $300,000 |
| Shimon Kadar | Unknown |
| Shmuel Luxemburg | $473,000 |
| Yakov Katz | $2,340,000 |
| Yitzchak Rezinsky | Unknown |
| Yoni Richenberg | $250,000 |
| **TOTAL:** | $5,499,105 (plus "unknowns") |

(*See* Doc. 1 at 22-38.)

13. When asked at his meeting of creditors why he took these loans, Mr. Saslow

testified only that the loans were for purchase of properties and construction, with no further detail or explanation, even when pressed for additional details.

14. According to Mr. Saslow's schedules, he had only $551.00 in cash or monetary assets such as deposits, stocks, etc. at the time he filed the Petition.

15. When asked at his meetings of creditors what happened to the more than $5 million he borrowed, Mr. Saslow could not explain where that money went.

16. At his February 12, 2026 meeting of creditors, Mr. Saslow testified that he had promissory notes reflecting most of these loans and that he had records, in the form of spreadsheets, reflecting how much each lender lent him and how much he paid out to each lender.

17. Both the United States Trustee and the Chapter 7 Trustee have requested that Mr. Saslow provide an accounting of what happened to the money he borrowed. As of the date of this filing, Mr. Saslow has been unable or unwilling to provide such an accounting.

18. Both the United States Trustee and the Chapter 7 Trustee have requested that Mr. Saslow provide documents relating to both the existence of the above-described loans as well as the disposition of the money, including but not limited to "copies of the promissory notes that were given to each [lender], as well as the spreadsheets that Mr. Saslow says he maintained for the receipt and disbursement of funds with each investor." As of the date of this filing, Mr. Saslow has been unable or unwilling to provide those documents.

19. Question 18 of Mr. Saslow's Statement of Financial Affairs asks: "Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property

to anyone, other than property transferred in the ordinary course of your business or financial affairs? Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property)."

20. Mr. Salsow responded "No" to question 18 of his Statement of Financial Affairs.

21. In contradiction of his answer to question 18 of the Statement of Financial Affairs, the land records for Baltimore City reflect that Mr. Saslow made the following transfers within the two years prior to the Petition Date:

a. On February 8, 2024, Mr. Saslow transferred real property known as 5809 Highgate Drive, Baltimore City, Maryland, which he owned together with his daughter as joint tenants, to 5809 Highgate LLC, an entity of which Mr. Saslow owns 19%. Mr. Saslow transferred this property for no consideration.

b. On February 27, 2024, Mr. Saslow transferred the real property known as 6111 Western Run Drive, Baltimore City, Maryland, of which he was the sole owner, to 5809 Highgate LLC, an entity of which he owns 19%. Mr. Saslow transferred this property for no consideration.

c. On February 25, 2025, Mr. Saslow granted a security interest, by way of a deed of trust, in the property known as 5900 Winner Avenue, Baltimore City, Maryland.

22. According to his Schedules, on the Petition Date, Mr. Saslow was the owner of the real property known as 6111 Western Run Drive, Baltimore City, Maryland. As noted above, however, Mr. Saslow had transferred his interest in that property to 5809 Highgate LLC in February 2024 and, thus, he did not own that property on the Petition Date.

23. At Mr. Saslow's February 12, 2026 meeting of creditors, he was asked

whether, in the last three years, he had owned any real property other than the real property located on Winner Drive or Western Run Drive. Despite having owned 5809 Highgate Drive until February 2024, Mr. Saslow answered "no."

## COUNT I – DENIAL OF DISCHARGE (11 U.S.C. § 727(a)(3))

24. The United States Trustee incorporates by reference into this Count, all of the preceding paragraphs of this Complaint.

25. Section 727(a)(3) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

26. Mr. Saslow borrowed more than $5 million dollars from various individuals, allegedly for business and/or real estate deals.

27. Despite requests by both the Chapter 7 Trustee and the United States Trustee, Mr. Saslow has been unable or unwilling to provide documentation, books and/or records regarding these business and real estate deals, or the disposition of this money.

28. If Mr. Saslow has such records, his failure to provide them constitutes concealment of those records.

29. If Mr. Saslow does not have such records, he has destroyed them or he failed to keep or preserve them.

30. That concealment, destruction or failure to keep or maintain such records was not justified by the circumstances of the case.

**COUNT II – DENIAL OF DISCHARGE (11 U.S.C. § 727(a)(4))**

31. The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

32. Section 727(a)(4) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she "knowingly and fraudulently, in connection with the case ... made a false oath or account."

33. Mr. Saslow made numerous false oaths and accounts in this case, including but not limited to:

a. Failing to disclose the transfer of the Highgate property

b. Failure to disclose the transfer of Western Run property; and

c. Failure to disclose the encumbering of the Winner Avenue property.

34. These false oaths and accounts were made knowingly and fraudulently.

**COUNT III – DENIAL OF DISCHARGE (11 U.S.C. § 727(a)(5))**

35. The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

36. Section 727(a)(5) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "failed to explain satisfactorily, before determination of

denial of discharge under this paragraph, and loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).

37. Prior to filing, Mr. Saslow borrowed more than $5,499,105.

38. According to his Schedules, at the time of filing, however, he only had $551.00 left.

39. When asked, Mr. Saslow has been unable to explain what happened to the more than $5 million he had prior to filing bankruptcy.

## PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests that the Court enter judgment in his favor, and against Debtor Daniel Yakov Saslow, and that the Court deny the discharge of Debtor Daniel Yakov Saslow.

Respectfully submitted,

Dated: August 21, 2026

Matthew W. Cheney
Acting United States Trustee, Region 4

By: /s/ *Hugh M. Bernstein*
Hugh M. Bernstein (Fed. Bar No. 23489)
United States Department of Justice
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
(410) 962-4300
hugh.m.bernstein@usdoj.gov